## MICHAEL J. SHERIDAN, Respondent, v. ZEILDA FORSEE, Appellant.

### Kansas City Court of Appeals, November 6, 1905.

1. **JUDGMENT: Separate Counts: In Solido: Execution.** Where there are separate counts in a petition the plaintiff is entitled to a finding on each count and also to a judgment *in solido* on such findings; but where there are separate judgments on each count there is nothing left but the clerical duty of the clerk to enter a judgment *in solido* in completing his record; and he can so treat it and issue an execution for the sum total.

2. ——: ——: **Execution: Costs.** Where there is a judgment entered on the separate counts and no judgment *in solido* entered, separate executions cannot issue on the separate counts; and where the judgments on certain counts are reversed and the judgment for costs is attached to one of these reversed judgments, one execution may still issue for the total amount of the unreversed counts and for all the costs, since the reversal of the count on the merits does not reverse the judgment for costs attached thereto.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*James F. Pitt* for appellant.

Filed an argument.

*W. B. Norris* for respondent.

Filed an argument.

BROADDUS, P. J.—This appeal is from a judgment of the court overruling a motion to quash an execution. The case is as follows:

The plaintiff's suit was to recover damages against defendant growing out of certain premises leased by defendant to plaintiff. The petition contained six counts. The plaintiff dismissed the sixth count and recovered on the five remaining counts. The finding of the jury was on each count separately; a judgment was rendered on each count separately, but no formal general judgment was rendered for the sum of all the findings. A judgment for costs was only incorporated in the fifth count. The judgment on said count is as follows: "It is further considered, ordered, and adjudged by the court that plaintiff have and recover of defendant said sum of thirteen and eighty-five one-hundredths dollars, so found, as aforesaid, on the fifth count of plaintiff's petition, together with all costs herein expended, and have execution thereof."

The defendant appealed from the judgment of the trial court, to this court, which on hearing held that plaintiff was not entitled to recover on the third and fifth counts of his petition, and ordered the cause to be reversed unless plaintiff within fifteen days should enter a *remittitur* of the amount of judgment on the two said

counts. Plaintiff entered the *remittitur* mentioned and the costs on the appeal were taxed against him.

Afterwards, the plaintiff caused to be issued out of the clerk's office an execution for the sum total of the separate findings and judgment on the first, second, and fourth counts, and for costs in the circuit court. Defendant moved to quash the execution on the ground that there was no judgment rendered against her for costs except as to the fifth count, and that, as the judgment on said count was reversed, she was not liable for other costs. The court overruled said motion and defendant appealed. If the defendant's contention is true, that plaintiff had no judgment for costs except under the fifth count of his petition, the motion to quash the execution should have been sustained.

The plaintiff was entitled to a judgment *in solido* on all the counts in his petition, upon the finding of the jury. The omission to so enter it in form was a clerical omission. But, substantially, it was such a judgment, as each separate statement of the amount on each count left nothing but a computation of the different findings to be entered by the clerk in completing his record. And there can be no doubt but what the clerk had the right to treat the whole as one judgment and issue an execution for the sum total.

Defendant contends that an execution could issue on the first, second and fourth counts, as the record now stands. We think not. The judgment being a money judgment in law, it, as such an entirety, would not justify the issuing of separate executions. Section 1547, Revised Statutes 1899, provides that, "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." The plaintiff, being the successful party, was entitled to a judgment for costs on the whole case and not merely on one count of his petition, and we consider the recita-

tion in the fifth clause of his judgment for costs was intended to and did include all the costs of the case. The judgment of reversal only affected the damages assessed on the third and fifth counts of the petition, not the costs of the case. Affirmed. All concur.